**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**COVINGTON**

**CRIMINAL ACTION NO.  06-42-DLB**

**UNITED STATES OF AMERICA**                                                              **PLAINTIFF**


**VS.**                          **MEMORANDUM OPINION AND ORDER**


**TIMOTHY COPSY, ET AL.**                                                                **DEFENDANTS**

**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***

This matter is before the Court on Defendants' motion to dismiss Count One of the Indictment.  (Doc. # 47).[1]  Defendants argue that the Indictment is void for vagueness when read in conjunction with other subsections of 8 U.S.C. § 1324, and fails to charge a crime cognizable under the Immigration and Naturalization Act.  The government has filed its response in opposition to the motion.  (Doc. # 71).  The motion to dismiss is therefore ripe for the Court's review.  For the reasons that follow, the motion is denied.

**Introduction**

Count One of the Indictment charges a violation of 8 U.S.C. § 1324(a)(1)(A)(v)(II), which makes it unlawful to aid or abet others in the commission of any of the acts set forth in 8 U.S.C. § 1324(a)(1)(A).  More particularly, Defendants Witt, Copsy, and Ring are charged with aiding and abetting the commission of subsection 1324(a)(1)(A)(iii), which

---

[1] Although the motion is being brought on behalf of all Defendants, Count One only charges Defendants Witt, Copsy, and Ring.  Dismissal of Count One would thus provide no relief for Defendant Allison.  To remedy this oversight, and because the charges in Counts One and Two are essentially identical, the Court will assume for purposes of adjudicating the motion to dismiss that Defendant Allison is moving to dismiss Count Two on the same grounds raised in Copsy's motion.

makes it unlawful to conceal, harbor, or shield aliens from detection in any place, including any building or any means of transportation, knowing or in reckless disregard of the fact that such alien had come to, entered, or remains in the United States in violation of law. They are not charged with aiding and abetting others in the commission of the other subsections of 8 U.S.C. § 1324(a)(1)(A).[2]  The reference to 8 U.S.C. § 1324(a)(1)(B)(i) in the indictment simply places the Defendants on notice that if the jury finds they committed the offense for the purpose of commercial gain or private financial gain, the maximum statutory penalty is ten, as opposed to five years.[3]

Count Two of the Indictment charges defendant Allison with the same substantive violation of 8 U.S.C. § 1324(a)(1)(A)(iii) and the enhanced penalty provisions of 8 U.S.C. § 1324(a)(1)(B)(i).

**Analysis**

The Supreme Court has held "that, as a matter of due process, a criminal statute that fails to give a person of ordinary intelligence fair notice that his contemplated conduct is forbidden by the statute, or is so indefinite that it encourages arbitrary and erratic arrests and convictions, is void for vagueness." *Colautti v. Franklin,* 439 U.S. 379, 390 (1979) (internal quotation marks and citations omitted).

---

[2]  Those sections include 8 U.S.C. §§ 1324(a)(1)(A)(i), (ii), (iv), or (v)(I).

[3]  Because the statute permits increased penalties in certain circumstances, such as when the offense is committed for purposes of commercial advantage or private financial gain, charging that fact in the indictment is consistent with *Apprendi v. New Jersey,* 530 U.S. 466 (2000), wherein the Supreme Court held that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." *Id.* at 490.  That holding was recently reaffirmed by the Court in *United States v. Booker,* 543 U.S. 220, 244 (2005).

A statute is unconstitutionally vague if it is not "subject to reasonable interpretation by ordinary men." *United States v. Skinner,* 25 F.3d 1314, 1318 (6th Cir. 1994). The Supreme Court has explained that "because we assume that man is free to steer between lawful and unlawful conduct, we insist that laws give the person of ordinary intelligence a reasonable opportunity to know what is prohibited, so that he may act accordingly." *Grayned v. City of Rockford,* 408 U.S. 104 (1972). To avoid arbitrary and discriminatory enforcement, "laws must provide explicit standards for those who apply them." *Id.*

In reviewing a statute challenged on vagueness grounds, the Sixth Circuit has explained: "where a statute's language is 'clear and unambiguous, we can proceed no further in our examination except in very limited situations." ' *Skinner,* 25 F.3d at 1318 (quoting *Barker v. Chesapeake & Ohio R.R.,* 959 F.2d 1361, 1366 (6th Cir. 1992)). Since "[t]he classification of a federal statute as void for vagueness is a significant matter ... [,] '[e]very reasonable construction must be resorted to, in order to save a statute from unconstitutionality." ' *Columbia Natural Resources, Inc. v. Tatum,* 58 F.3d 1101, 1105 (6th Cir. 1995) (quoting *Chapman v. United States,* 500 U.S. 453, 464 (1991)).

Thus, in reviewing Defendants' "void for vagueness" challenge in this case, the Court must first review the language of the statute itself and determine if persons of ordinary intelligence could contemplate what is prohibited.  In this case, the statute with which Defendants have been charged (8 U.S.C. §§ 1324(a)(1)(A)(iii) and 1324(a)(1)(A)(v)(II) contains specific statutory elements which must be proven beyond a reasonable doubt before they can be convicted.  First, the government must prove the defendants concealed, harbored, or shielded aliens from detection in any place.  Second, that the defendants did so knowing or in reckless disregard of the fact that such aliens had come to, entered, or

3

remained in the United States in violation of law.  With respect to the aiding and abetting aspect of the charge, the government will need to prove that the crimes of harboring illegal aliens was committed, and that the defendants helped to commit the crimes or encouraged someone else to commit the crimes, intending to do so.  That is the illegal conduct proscribed by 8 U.S.C. §§ 1324(a)(1)(A)(iii) and 1324(a)(1)(A)(v)(II).  The additional language in both counts which alleges that they did so for purposes of commercial advantage or private financial gain is not an element of the offense.  Rather, it serves to place them on notice that if convicted on the subsection (a)(1)(A) offense, they may face enhanced statutory penalties if the jury concludes they did so for purposes of commercial advantage or private financial gain.  *See* footnote 3.

Thus, despite Defendants' argument to the contrary, the statute does give persons of ordinary intelligence fair notice of what conduct is forbidden by the statute.  By way of explanation, an example is helpful.  If the defendants had persons on their work crews which they did not know were aliens who had come to, entered, or remained in the United States in violation of law, their conduct, even if it satisfied the concealment, harboring, or shielding element of the statute, would not be proscribed by statute.  An example of this might be where members of the work crew had fictitious employment authorizations or other immigration documents and the defendants relied on those documents in having those persons on their work crews.  However, if they acted with reckless disregard of the fact that such aliens had come to, entered, or remained in the United States in violation of law, then their conduct would be unlawful, assuming the government was able to satisfy the concealment, harboring, or shielding element of the statute.  Although the statute may not be as clear as other federal statutes, that fact does not mean that the statute is

4

unconstitutionally vague under the Sixth Circuit's and Supreme Court's standards.

Additionally, although a review of Sixth Circuit law fails to reveal any case law governing the void for vagueness argument raised by Defendants, the Ninth Circuit and Fifth Circuits have both rejected "void for vagueness" challenges to 8 U.S.C. § 1324.  *See United States v. Matus-Leva*, 311 F.3d 1214, 1218-1219 (9th Cir. 2002),  *United States v. Moreno,* 561 F.2d 1321, 1322 (9th Cir.1977); *United States v. Cantu*, 557 F.2d 1173, 1177 (5th Cir. 1977), *cert. denied*, 434 U.S. 1063 (1978); *United States v. Gonzalez-Hernandez,* 534 F.2d 1353, 1354 (9th Cir. 1977); *United States v. Sanchez-Mata,* 429 F.2d 1391, 1392 (9th Cir. 1970).

Defendants further argue that in order to properly determine if 8 U.S.C. § 1324(a) is void for vagueness, the Court must read the statute in conjunction with other provisions of 8 U.S.C. § 1324, namely sections 1324a, 1324b, 1324c, and 1324d.  Defendants argue that the statutes overlap, causing them to be confusing with respect to what conduct is proscribed.   The Court disagrees.   First, the standard for determining if a statute is unconstitutionally void for vagueness has already been set forth herein and that standard does not require all provisions of a particular statute be read in combination with all other subsections of the statute.   Second, Defendants have not been charged with violations of 8 U.S.C. §§ 1324a, 1324b, 1324c, or 1324d.  As they have argued throughout their motion, Defendant contend that they did not employ the aliens.  Thus, there is no allegation that the Defendants engaged in the unlawful employment of aliens (8 U.S.C. § 1324a), unfair immigration related employment practices (8 U.S.C. § 1324b), or document fraud (8 U.S.C. § 1324c) and they are certainly not illegal aliens who would be subject to civil penalties for failure to depart as contemplated by 8 U.S.C. § 1324d.  Third, because the Defendants

claim that they were not the aliens' employer, and therefore had no ability to hire or terminate the illegal aliens working on their job sites, sections 1324a, 1324b, or 1324c would not apply to them.  *See United States v. Kim*, 193 F.3d 567, 573 (2nd Cir. 1999) (8 U.S.C. § 1324a applies only to employers)  Lastly, the language of 8 U.S.C. § 1324(a) is unambiguous, and encompasses conduct tending substantially to facilitate an alien illegally remaining in the United States *See United States v. Lopez*, 521 F.2d 437, 441 (2nd Cir. 1975).

The Court agrees with the government that there are no "patent ambiguities" prohibiting the Defendants from knowing in advance the criminal consequences of their conduct.  In fact, "[s]tatutes may 'overlap' or enjoy a 'partial redundancy,' and yet be 'fully capable of coexisting.'"  *Kim*, 193 F.3d at 573 (citations omitted) (*quoting United States v. Batchelder*, 442 U.S. 114, 118 (1979) when addressing the application of both 8 U.S.C.§ 1324(a) and 8 U.S.C. § 1324a to employers).  In this case, the individual statutes clearly define the conduct proscribed and statutory punishment for each violation.  The fact that 8 U.S.C. § 1324(a) and 8 U.S.C. § 1324a have different penalties for essentially the same conduct is of no consequence in adjudicating the motion to dismiss.

The Court also rejects Defendants' alternative argument that the Indictment fails to charge a crime cognizable under the Immigration and Naturalization Act.  "To be legally sufficient, the indictment must assert facts which in law constitute an offense; and which, if proved, would establish prima facie the defendant's commission of that crime."  *United States v. Maney,* 226 F.3d 660, 663 (6th Cir. 2000) (*quoting United States v. Superior Growers Supply, Inc.,* 982 F.2d 173, 177 (6th Cir. 1992)).  "An indictment is usually sufficient if it states the offense using the words of the statute itself, as long as the statute

6

fully and unambiguously states all the elements of the offense." *United States v. Landham,* 251 F.3d 1072, 1079 (6th Cir. 2001) (citations omitted).  Because the indictment states each of the statutory elements of the offenses, and because the statutes state those elements unambiguously, Defendants' alternative argument also fails as a matter of law.

Accordingly, **IT IS ORDERED THAT** Defendants' motion to dismiss the indictment (Doc. # 47) be, and is hereby **DENIED**.

This 30th day of August, 2006.



Signed By:

_David L. Bunning_  *DB*

**United States District Judge**

G:\DATA\ORDERS\CovCrim\2006\06-42 MOO denying MTD Indictment.wpd